```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAYMOND FISHER, INDIV. AND AS  :    CIVIL ACTION
GUARDIAN OF KATHRYN FISHER,    :
HIS WIFE                       :
                               :
            v.                 :
                               :
CIGNA, ET AL.                  :    NO. 02-4577
```

## O R D E R

**AND NOW**, this 28th day of August, 2002, upon consideration of Defendants' Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 12(b) (Doc. No. 3), **IT IS HEREBY ORDERED** that the Motion is **GRANTED**.[1] Plaintiff may file an amended complaint on or

---

[1] Plaintiff failed to file a response to the Motion. Pursuant to Local Rule of Civil Procedure 7.1, which provides that in the absence of a timely response, a motion may be granted as uncontested, the Court grants the Motion.

Moreover, based upon the pleadings before it, the Court believes the subject personal accident insurance ("PAI") policy is covered by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et. seq. ERISA defines an "employee welfare benefit plan" as:

> [A]ny plan, fund or program which was heretofore established or is hereafter established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . medical, surgical, or hospital care or benefits in the event of sickness, accident, disability . . . .

29 U.S.C.A. § 1002(1) (West 1999). The Department of Labor has promulgated regulations, known as the Safe Harbor regulations, designed to clarify the definition of an employee welfare benefit plan. Under the regulations, a plan is excluded from ERISA if:

> (1) No contributions are made by an employer or employee organization;
> (2) Participation [in] the program is completely voluntary for employees or

>           members;
> (3)   The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
> (4)   The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative service actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j) (1999). In order for the exemption to apply, all four criteria must be met. United States v. Blood, 806 F.2d 1218, 1220-21 (4th Cir. 1986).

In its promotional material regarding PAI coverage for an employee, eligible spouse, and children, Plaintiff's employer, Electronic Data Systems ("EDS"), states:

> EDS gives you enough benefit dollars to buy PAI coverage equal to two times your total pay (minimum $20,000; maximum $300,000). Or you may opt out of PAI. If you choose a PAI option with a price less than the benefit dollars you get for PAI coverage, you can use the remaining benefit dollars to buy additional flexible benefits or have the dollars added to your taxable pay in your paycheck.

(Defs.' Mem., Ex. 1 at 10.) Because EDS contributes to the plan, the plan fails the first Safe Harbor provision.

The plan also fails the second Safe Harbor provision. The disclaimer in the plan's promotional material states: "EDS reserves the right to modify, change, eliminate, or add benefit plans at its sole discretion." (Defs.' Mem., Ex. 1 at 13.)

> An employer will be said to have endorsed a program . . . if, in light of all the surrounding facts and circumstances, an objectively reasonable employee would conclude on the basis of the employer's actions that the employer had not merely facilitated the program's availability but had exercised control over it or made it appear to be part and parcel of the company's own benefit package.

before September 17, 2002.

                                        BY THE COURT:

                                        _____
                                        John R. Padova, J.

---

Johnson v. Watts Regulator Co., 63 F.3d 1129, 1135 (1st Cir. 1995). Neutrality is maintained if the employer performs only administrative tasks and eschews any role in drafting of the plan, such as working out its structural components. Id. at 1136. Here, EDS' reservation of its right to "modify, change, eliminate, or add benefit plans at its sole discretion," suggests actual control rather than simple administration to make the plan available. Accordingly, the safe harbor provisions do not apply and the plan is governed by ERISA.
    Plaintiff is granted leave to file an Amended Complaint bringing claims for relief pursuant to the ERISA statute.